UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALI CISSE,

                                        Plaintiff,

       vs.                                                      9:23-CV-0697
                                                                (MAD/ML)
AMBER J. BLISS Corr. Officer, Marcy
Corr. Facility; JASON MILLER, Sergeant,
Marcy Corr. Facility; and R. PFLUEGER,
Corr. Officer, Auburn Corr. Facility,

                                        Defendants.

_____

APPEARANCES:                                          OF COUNSEL:

ALI CISSE
41 Hunts Point Avenue, #5G
Bronx, New York 10474
Plaintiff, *Pro se*

LETITIA A. JAMES                                      CHI-HSIN E. ENGLEHART, ESQ.
Attorney General for the State of New York            Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

Mae A. D'Agostino, U.S. District Judge:

                                        ORDER

       On June 12, 2023, *pro se* Plaintiff Ali Cisse ("Plaintiff") commenced this civil rights

action, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement at Marcy

Correctional Facility and Auburn Correctional Facility.  *See* Dkt. No. 1.  In a July 24, 2023

Decision and Order, Senior District Judge Gary L. Sharpe ordered that certain of Plaintiff's claims

be dismissed, resulting in the termination of several defendants from this action.  *See* Dkt. No. 4

at 36-39.  At this procedural posture, Plaintiff's remaining claims are against Defendants Amber J.

Bliss, Jason Miller, and R. Pflueger (collectively, "Defendants"), and are as follows: (1) a claim of

excessive force against Defendant Pflueger pursuant to the Eighth Amendment and 42 U.S.C. §

1983; (2) a claim that Plaintiff's free exercise rights were violated by Defendant Bliss based on

pat-frisks pursuant to the First Amendment and 42 U.S.C. § 1983; (3) a claim of retaliation

against Defendants Miller and Bliss related to the alleged April 9, 2023, disposal of Plaintiff's

Ramadan breakfast pursuant to the First Amendment and 42 U.S.C. § 1983; and (4) a claim of

retaliation against Defendant Miller related to the issuance of a negative informational on March

28, 2023, pursuant to the First Amendment and 42 U.S.C. § 1983. *See id.*; Dkt. No. 38 at 2.

On April 16, 2024, Defendants filed a motion for partial summary judgment pursuant to

Fed. R. Civ. P. 56 and partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No.

27. On November 15, 2024, Magistrate Judge Miroslav Lovric issued a Report and

Recommendation, recommending that (1) "Defendants' motion for summary judgment (Dkt. No.

27) regarding Plaintiff's retaliation claim against Defendant Miller related to the incident that

occurred on March 28, 2023, be [denied] at this juncture"; (2) "the Court conduct an exhaustion

hearing pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011) to determine whether Plaintiff

properly exhausted his administrative remedies (related to Plaintiff's retaliation claim against

Defendant Miller with respect to the incident that occurred on March 28, 2023) before

commencing this action"; and (3) "Defendants' motion to dismiss (Dkt. No. 27) Plaintiff's

retaliation claim against Defendants Miller and Bliss related to the incident on April 9, 2023, be

[granted]." Dkt. No. 38 at 22.[1] The parties' deadline to file written objections to the Report and

Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), was December 2,

---

[1]  Defendants did not move to dismiss the Eighth Amendment excessive force claim against
Defendant Pflueger nor the First Amendment free exercise claim against Defendant Bliss at this
juncture. *See* Dkt. No. 27-1 at 1 n.1.

2024. No objections were filed. For the reasons set forth below, the Report and

Recommendation is adopted in its entirety.

For a complete recitation of the background, the parties are referred to the Report and

Recommendation. *See* Dkt. No. 38 at 2-7.

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party

declines to file objections or files "[g]eneral or conclusory objections, or objections which merely

recite the same arguments [presented] to the magistrate judge," the court reviews those

recommendations for clear error. *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, *1

(N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F.

Supp. 2d 672, 679 (S.D.N.Y. 2007). After appropriate review, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no

genuine issue of material fact to be tried and that the facts as to which there is no such issue

warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43

F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the

court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *See*

*id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party

opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff must also state "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that Defendants' motion for partial summary judgment should be denied as to Plaintiff's retaliation claim against Defendant Miller, related to the incident on March 28, 2023, because Defendants have not met their burden of demonstrating the absence of genuine disputes of material fact regarding the exhaustion of Plaintiff's administrative remedies. *See* Dkt. No. 38 at 19-20.[2]

---

[2] The Court also adopts Magistrate Judge Lovric's rejection of Plaintiff's argument that 7 N.Y.C.R.R. § 701.3(f) is inapplicable because Defendant Miller's alleged action was not by "an

Indeed, Plaintiff has presented evidence that contradicts Defendants' argument that Plaintiff failed to exhaust his administrative remedies. *See id.* at 19 (citing Dkt. No. 33 at 21-22, 24, 26, 33).

Accordingly, the Court agrees that it must conduct an exhaustion hearing, pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011), to determine whether Plaintiff has properly exhausted his administrative remedies. *See id.* at 20. "It is a matter of judicial administration in the sense that '[u]ntil the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to [do so].'" *Messa*, 652 F.3d at 308-09 (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008)).

The Court also finds that Magistrate Judge Lovric correctly determined that Defendants' motion to dismiss the retaliation claim against Defendants Miller and Bliss, based on events that allegedly occurred on April 9, 2023, should be granted because the disposal of Plaintiff's food on one occasion does not rise to the level of an adverse action. *See* Dkt. No. 38 at 20-22. Plaintiff alleges that, on April 9, 2023, Defendants Miller and Bliss retaliated against him, in violation of his First Amendment rights, by disposing of meals in his cell that he planned to eat to break his Ramadan fast before sunrise. *See id.* at 2; Dkt. No. 1 at 15. "[T]o sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quotation omitted). "To be an 'adverse action,' retaliatory conduct must be the type that would deter 'a similarly situated individual of ordinary

---

outside agency," as Plaintiff has alleged that the negative informational "'was written by [Defendant] Miller or he ordered a Corr. officer to write it." Dkt. No. 1 at 11.

firmness from exercising his or her constitutional rights.'" *Hayes v. Dahlke*, 976 F.3d 259, 272

(2d Cir. 2020) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)).  As this Court has

previously held, the denial of a single religious meal in prison "do[es] not rise to the level of an

'adverse action' because it is not action that would deter a 'similarly situated' individual from

exercising his rights." *Hamilton v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:18-

CV-1312, 2018 WL 11574454, *9 (N.D.N.Y. Dec. 17, 2018) (citing *Simmons v. Adamy*, 987 F.

Supp. 2d 302, 307 (W.D.N.Y. 2013)); *see* Dkt. No. 38 at 20-21 ("Courts have consistently held

that taking food out of a plaintiff's cell on one occasion constitutes *de minimis* conduct and does

not amount to an adverse action") (collecting cases).

 Accordingly, Plaintiff's retaliation claim against Defendants Miller and Bliss is dismissed

for failure state a claim upon which relief may be granted.

 After carefully reviewing the Report and Recommendation, the entire record in this

matter, and the applicable law, the Court hereby

 **ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 38) is

**ADOPTED in its entirety**; and the Court further

 **ORDERS** that Plaintiff's retaliation claim against Defendants Miller and Bliss, related to

the alleged incident on April 9, 2023, is **DISMISSED**; and the Court further

 **ORDERS** that an exhaustion hearing pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir.

2011) will be scheduled to determine whether Plaintiff properly exhausted his administrative

remedies, with regard to Plaintiff's retaliation claim against Defendant Miller related to the

alleged incident on March 28, 2023; and the Court further

 **ORDERS** that the following claims remain at this juncture: (1) excessive force against

Defendant Pflueger pursuant to the Eighth Amendment and 42 U.S.C. § 1983; (2) violation of

Plaintiff's free exercise rights by Defendant Bliss based on pat-frisks pursuant to the First

Amendment and 42 U.S.C. § 1983; and (3) a claim of retaliation against Defendant Miller related

to the issuance of a negative informational on March 28, 2023, pursuant to the First Amendment

and 42 U.S.C. § 1983; and the Court further

    **ORDERS** that the Clerk of the Court shall terminate Defendants' motion for partial

summary judgment and dismissal (Dkt. No. 27); and the Court further

    **ORDERS** that Defendants will be permitted to renew their motion for summary judgment,

pending the outcome of the exhaustion hearing; and the Court further

    **ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 15, 2025
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge