UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALI CISSE,

                                               **Plaintiff,**

    vs.                                                   9:23-CV-0697
                                                                      (MAD/ML)

**AMBER J. BLISS Corr. Officer Marcy
Corr. Facility; JASON MILLER, Sergeant,
Marcy Corr. Facility; and R. PFLUEGER,
Corr. Officer, Auburn Corr. Facility,**

                                              **Defendants.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**ALI CISSE**
41 Hunts Point Avenue #5G
Bronx, New York 10474
Plaintiff, *Pro se*

**OFFICE OF THE NEW YORK STATE**     **CHI-HSIN E. ENGLEHART, AAG**
**ATTORNEY GENERAL**                          **MATTHEW GALLAGHER, AAG**
The Capitol
Albany, New York 12224
Counsel for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On June 12, 2023, *pro se* Plaintiff Ali Cisse ("Plaintiff") commenced this civil rights action, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement at Marcy Correctional Facility and Auburn Correctional Facility. *See* Dkt. No. 1. In a July 24, 2023, Decision and Order, Senior District Judge Gary L. Sharpe ordered that certain of Plaintiff's claims be dismissed, resulting in the termination of several defendants from this action. *See* Dkt. No. 4 at 36-39. This Court dismissed Plaintiff's retaliation claim against Defendants Miller and Bliss,

1

related to an alleged incident that occurred on April 9, 2023. *See* Dkt. No. 41 at 2-7. On January 15, 2025, this Court also adopted Magistrate Judge Miroslav Lovric's recommendation that an evidentiary hearing be held to address whether Plaintiff properly exhausted his administrative remedies with respect to Plaintiff's retaliation claim stemming from a "negative informational report" allegedly filed by Defendant Miller on or about March 28, 2023. *See id.* The exhaustion hearing was referred Magistrate Judge Lovric. *See* Dkt. No. 42.

On June 3, 2025, Defendant Bliss filed a letter motion seeking to supplement or join Defendant Miller's motion for summary judgement on exhaustion grounds. *See* Dkt. No. 49. The Court denied Defendants' request to expand the scope of the July 8, 2025, exhaustion hearing. *See* Dkt. No. 50.

Following the exhaustion hearing, on August 1, 2024, Magistrate Judge Lovric issued a Report and Recommendation (hereinafter, the Report and Recommendation). *See* Dkt. No. 69. Upon consideration of witness testimony, all credible evidence received at the exhaustion hearing, relevant laws, pre-hearing briefs, and counsels' oral summations, Magistrate Judge Lovric concluded that Plaintiff failed to exhaust the applicable administrative remedies with respect to his claim related to the negative informational report allegedly filed by Defendant Miller. *See id.* Finding no factual or legal basis exists to overcome Defendant Miller's affirmative defense of non-exhaustion, Magistrate Judge Lovric recommended that Defendant's motion for summary judgment (Dkt. No. 27) regarding Plaintiff's retaliation claim against Defendant Miller related to issuance of a negative informational report on March 28, 2023, be "granted due to Plaintiff's failure to exhaust his administrative remedies." Dkt. No. 69 at 17.

For a complete recitation of the background, the parties are referred to the Report and Recommendation. *See id.*

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's recommendations for clear error. *See O'Diah v Mawhir*, No. 08-CV-322 2011 WL 933746 *1 (N.D.N.Y Mar. 16, 2021). As Plaintiff has not filed objections, the Court reviews the Report and Recommendation for clear error. For the reasons set forth below, the Report and Recommendation is adopted in its entirety.

A court may grant a motion for summary judgment only if it "determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the Court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in his pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing F.R.C.P. 56 (c), (e)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important legal rights because of their lack a legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

3

"This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citation omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, Magistrate Judge Lovric correctly determined that Plaintiff failed to exhaust his administrative remedies as to his claim against Defendant Miller.

Initially, the Court notes that Magistrate Judge Lovric assigned Daniel Cartwright as *pro bono* counsel to Plaintiff in an April 28, 2025, Order. *See* Dkt. Nos. 44, 45. During a May 13, 2025, conference call, the exhaustion hearing was scheduled to take place on July 8, 2025. *See* Dkt. No. 46. On June 27, 2025, Plaintiff's counsel advised the Court that he had been unable to contact Plaintiff since his appointment. *See* Dkt. No. 54. Plaintiff's counsel provided documentary evidence that he had repeatedly attempted to contact Plaintiff by mail or electronically to his last known physical and email addresses, as well as attempted to locate Plaintiff's phone contact. *See* Dkt. No. 69 at 9.

On July 3, 2025, five days before the hearing was scheduled to take place, and nearly three months from the time the hearing was scheduled, Plaintiff's counsel advised the Court that he had spoken to Plaintiff earlier that day. *Id.* Plaintiff had advised his counsel that he could not attend the July 8, 2025, exhaustion hearing because (1) Plaintiff had a medical appointment that day; (2) Plaintiff had no practical way of getting from his home in the Bronx to the hearing at the courthouse in Binghamton, and (3) Plaintiff would need permission from his parole officer to travel. *Id.* The Court denied several requests by Plaintiff's counsel to adjourn the hearing. *See* Dkt. No, 55, 57, 63.

At the opening of the July 8, 2025, exhaustion hearing, Magistrate Judge Lovric expanded on his reasoning for denying the multiple requests for adjournment. *See* Minute Entry for Exhaustion Hearing, dated July 8, 2025. Magistrate Judge Lovric explained that Plaintiff had been provided ample and repeated advance notice regarding the date of the exhaustion hearing and the potential ramifications of Plaintiff's failure to appear. *See* Dkt. No. 69 at 9. Magistrate Judge Lovric found Plaintiff's excuses unconvincing, as medical appointments, difficulties with travel, and approval from Plaintiff's parole officer were foreseeable obstacles that could have been addressed prior to July 2025. *Id.* Accordingly, Magistrate Judge Lovric conducted the exhaustion hearing as scheduled. *See id.* at 9-10.

At the July 8, 2025, hearing, Magistrate Judge Lovric heard testimony from two witnesses: Erin Pfendler, the IGP supervisor at Marcy Correctional Facility since 2015, and Rachel Seguin, the DOCCS Director of the IGP. *See* Minute Entry for Exhaustion Hearing, dated July 8, 2025.

Ms. Pfendler testified that, despite the fact that Marcy C.F. had a fully functioning grievance process, her office did not possess documentation that Plaintiff had appealed the IGRC's denial of his March 28, 2023, grievance. *See* Dkt. No. 69 at 11-12. Ms. Seguin testified that she was unable to find any appeals filed by Plaintiff in relation to the negative informational report. *See id.* at 13-14. Ms. Seguin further testified that Plaintiff had previously filed twelve appeals to CORC related to his incarceration during his time at Marcy C.F., and that she had no record of her office receiving any complaints from Plaintiff relating to the availability of accessing the facility's grievance process. *Id.* at 14.

After considering the testimony and demeanor of the witnesses, as well as the credible evidence received at the exhaustion hearing, the relevant laws, counsels' pre-hearing briefs and

5

oral summations, Magistrate Judge Lovric concluded that Plaintiff failed to exhaust his administrative remedies in regards to the negative informational report allegedly filed by Defendant Miller, and that no factual or legal basis existed to overcome Defendant Miller's affirmative defense of non-exhaustion. *See id.* at 13-14.

The Court finds no clear error in the Report and Recommendation's conclusion that Defendants showed by a preponderance of the evidence that Plaintiff did not file any grievances seeking redress for the negative informational report allegedly filed by Defendant Miller. *Id.*

Plaintiff filed a grievance relating to the March 28, 2023, incident, but the grievance makes no reference to a negative informational report allegedly filed by Defendant Miller. *See Johnson v. Annuci*, No. 15-CV-3754, 2016 WL 3847745, *4 (S.D.N.Y. July 7, 2016) ("Second Circuit case law is clear that the grievance standard is similar to notice pleading in that a grievance 'must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it'") (quoting *Freedom Holdings, Inc v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004)); *see also Singh v. Lynch*, 460 Fed. Appx. 45, 47 (2d Cir. 2012) (holding that the plaintiff failed to exhaust for the purposes of his assault claim where the grievance did not include any allegation of assault). Thus, as Magistrate Judge Lovric correctly determined, Defendants showed by a preponderance of the evidence that Plaintiff did not file any grievance seeking redress for the negative informational report allegedly filed by Defendant Miller. *See* Dkt. No 69 at 14.

Second, the Court agrees that even if Plaintiff's grievances did reference the negative informational report allegedly filed by Defendant Miller, Defendants have also shown by a preponderance of the evidence that Plaintiff did not exhaust his administrative remedies. *Id.* at 15. Magistrate Judge Lovric observed that Plaintiff offered no credible evidence that he: (1)

appealed the unfavorable IGRC determination dated April 10, 2023, to the Marcy C.F. Superintendent and then timely filed an appeal with the CORC; or (2) timely filed an appeal to CORC (via Marcy C.F.'s grievance clerk) after the Superintendent failed to act within twenty-five days. *Id.* Accordingly, the Court finds Magistrate Judge Lovric correctly determined that Plaintiff failed to exhaust his administrative remedies as to his retaliation claim against Defendant Miller. *See id.* at 16.

Moreover, the Court agrees that Plaintiff was not precluded from appeal by a non-functioning inmate grievance process. Magistrate Judge Lovric observed, "Marcy C.F. had a fully functioning inmate grievance process available to Plaintiff at all times relevant to this proceeding. Indeed, Plaintiff repeatedly utilized this process while incarcerated at Marcy C.F. including completion of the three-step appeals process on at least a dozen occasions." *Id.* This demonstrates both the functionality of the grievance process at Marcy C.F. and that "the grievance process was available to Plaintiff while he was housed at Marcy C.F." *Id.*

After carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 69) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant Miller's motion for partial summary judgment related to Plaintiff's claim of retaliation related to the issuance of a negative informational report on March 28, 2023, (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claim of retaliation against Defendant Miller related to the issuance of a negative informational report on March 28, 2023, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 10, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge