UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALI CISSE,

                                  **Plaintiff,**

   vs.                                                       9:23-CV-697
                                                                       (MAD/ML)

AMBER J. BLISS and R. PFLUEGER,

                                  **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**ALI CISSE**
Bronx, New York
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**        **CHI-HSIN E. ENGELHART, AAG**
**STATE ATTORNEY GENERAL**       **MATTHEW GALLAGHER, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Ali Cisse commenced this action *pro se* on June 12, 2023, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Marcy Correctional Facility and Auburn Correctional Facility. Dkt. No. 1. At this juncture, only two Defendants remain: Marcy corrections officer Amber J. Bliss and Auburn corrections officer R. Pflueger. Dkt. No. 71 at 1, 10 n.29. On July 31, 2025, Defendants answered the complaint. Dkt. No. 66.

1

They also filed a motion for judgment on the pleadings and a partial motion for summary judgment.[1]  Dkt. No. 67.  Plaintiff did not file any opposition to the motion.

On January 6, 2026, Magistrate Judge Miroslav Lovric issued a Report and Recommendation on Defendants' pending motion.  Dkt. No. 71.  Magistrate Judge Lovric recommended granting both the partial motion for summary judgment and the motion for judgment on the pleadings.  *Id.* at 1-2.  Plaintiff did not file any objections to the Report and Recommendation.[2]

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections to a magistrate judge's report and recommendation, the district court reviews *de novo* the issues raised in the objections.  *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008).  However, when a party fails to make specific objections, the court reviews the magistrate judge's recommendations for clear error.  *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y Mar. 16, 2021).  Because Plaintiff has not objected to the Report and Recommendation, the Court reviews it for clear error.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and it is adopted in its entirety.

A court may grant a motion for summary judgment only if it "determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law."  *Chambers v. TRM Copy Ctrs. Corp.*,

---

[1] Although Defendants' motion names an additional defendant, Sergeant Jason Miller, and makes additional arguments with respect to allegations against him, Miller was dismissed from the action after the motions were filed.  *See* Dkt. No. 70 at 7; Dkt. No. 71 at 10 n.29.

[2] For a full recitation of the facts and procedural history, the parties are referred to the Report and Recommendation.  Dkt. No. 71 at 2-8.

43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the Court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (citations omitted).  Moreover, it is well settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing FED. R. CIV. P. 56(c), (e)).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by "the same standard" as a motion to dismiss under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).  As a baseline rule, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  The Court must accept as true all of the non-movant's well pleaded factual allegations, and draw all reasonable inferences in favor of the non-movant. *See Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994) (citations omitted).  The Court "considers 'the complaint, the answer, any written documents attached to them, and any matter of which the [C]ourt can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).  The Court may also review any document incorporated by reference into a pleading, *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004), or that is integral to a pleading, *see Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021).

"Furthermore in a *pro se* case, the court must view the [*pro se* litigant's] submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  "This liberal standard, however, does not excuse a *pro se*

3

litigant from following the procedural formalities of summary judgment[,]" *id.* (citation omitted), nor exempt them from meeting the minimum pleading requirements set forth in the Federal Rules of Civil Procedure, *see Temple v. Hudson View Owners Corp*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

First, Magistrate Judge Lovric recommended granting summary judgment on Plaintiff's First Amendment free exercise claims against Defendant Bliss, which stem from two separate pat-frisk incidents on March 21, 2023, and March 28, 2023, Dkt. No. 1 at 9-10, for failure to exhaust administrative remedies, Dkt. No. 71 at 17. He correctly stated that plaintiffs may only challenge prison conditions under § 1983 if they have exhausted available administrative remedies. *Id.* at 13; *see Cobbs v. Lamare*, No. 9:14-CV-96, 2015 WL 2452323, *2 (N.D.N.Y. May 21, 2015); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); 42 U.S.C. § 1997e(a). The Report and Recommendation also properly explains the three-step Incarcerated Grievance Program that was available to Plaintiff. Dkt. No. 71 at 14; *see Animashaun v. Toohill*, No. 9:21-CV-372, 2025 WL 843771, *3 (N.D.N.Y. Mar. 18, 2025). "Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court." *Animashaun*, 2025 WL 843771, at *3 (citation omitted). Additionally, as Magistrate Judge Lovric stated, an expedited review process is available where "a grievance concerns staff harassment," Dkt. No. 71 at 14 (quoting *Jackson v. Jackson*, No. 16-CV-8516, 2021 WL 981849, *4 (S.D.N.Y. Mar. 16, 2021)), but the exhaustion requirement still applies, *see Jackson*, 2021 WL 981849, at *4-5.

In finding that Plaintiff did not satisfy the exhaustion requirement, Magistrate Judge Lovric relied on Defendants' statement of material facts and supporting declarations from grievance program personnel, which Plaintiff has not challenged. Dkt. No. 71 at 17-24. Those declarations show that Plaintiff filed a grievance regarding the March 21 incident, Dkt. No. 67-3

4

at ¶ 17, but not the March 28 incident, *id.* at ¶ 18.  On April 28, 2023, Plaintiff received a decision on the filed grievance.  *Id.* at ¶ 19.  He appealed that decision to the Superintendent of Marcy Correctional Facility, who issued an unfavorable decision on July 10, 2023.  *Id.*  The record shows that Plaintiff did not appeal the grievance any further.  Dkt. No. 67-7 at ¶ 16.  The Court agrees with Magistrate Judge Lovric that based on the record evidence, there is no applicable exception to the exhaustion requirement.  Dkt. No. 71 at 21-24; *see Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (discussing instances where administrative remedies may be deemed "unavailable" to a plaintiff, which function as an exception to the exhaustion requirement).  Accordingly, the Court finds no clear error with Magistrate Judge Lovric's determination that Defendant Bliss is entitled to judgment as a matter of law on Plaintiff's free exercise claims.

      Next, Magistrate Judge Lovric recommended dismissing Plaintiff's Eighth Amendment excessive force claim against Defendant Pflueger.  Dkt. No. 71 at 24.  The Court agrees with Magistrate Judge Lovric's statement of the applicable two-pronged standard: (1) a subjective showing of wanton, bad-faith, malicious, or sadistic conduct; and (2) an objective showing that Defendant Pflueger's conduct contravened "contemporary standards of decency."  *Id.* at 24-25; *see Clark v. Gardner*, 256 F. Supp. 3d 154, 166 (N.D.N.Y. 2017) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999)); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citation omitted).  The Court also agrees with Magistrate Judge Lovric's recitation of the factors that courts consider on the subjective prong, which include the necessity of force used, the amount of force used relative to that necessity, any threat that Defendant Pflueger perceived, and any effort made to reduce the severity of force.  *See* Dkt. No. 71 at 25 (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).  Additionally, "[a]n inmate who complains of a 'push or shove' that

causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Pursuant to this framework, the Court discerns no clear error in Magistrate Judge Lovric's determination that Plaintiff fails to plead an Eighth Amendment claim against Defendant Pflueger. The complaint alleges that while a nurse tended to Plaintiff during a sick call, Defendant Pflueger accused Plaintiff of always arguing with the nurses. *See* Dkt. No. 1 at 7. Defendant Pflueger then allegedly yelled at Plaintiff, grabbed him, "turn[ed] [Plaintiff] around in a manner that caused [his] head to hit the wall[,]" and handcuffed him. *Id.* However, because the complaint fails to allege facts establishing that the use of force violated "contemporary standards of decency" or was otherwise malicious, sadistic, or wanton, the Court agrees that dismissal of this claim is proper.

After carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 71) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for partial summary judgment related to Plaintiff's First Amendment free exercise claims against Defendant Bliss (Dkt. No. 67) is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings related to Plaintiff's Eighth Amendment claim against Defendant Pflueger (Dkt. No. 67) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 9, 2026
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge